UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. REAL ESTATE LIMITED       :
PARTNERSHIP, et al.            :
                               :
        v.                     :      C.A. No. 08-301ML
                               :
COLONIAL AMERICAN CASUALTY     :
AND SURETY COMPANY, et al.     :

**MEMORANDUM AND ORDER**

This matter was initially referred to me for consideration of Plaintiff U.S. Real Estate Limited Partnership's ("USRELP") Motion to Strike Defendant Colonial American Casualty and Surety Company's ("Colonial") Objections to its First Set of Requests for Production and to Compel Production of Documents. (Document No. 43). Following a hearing on the matter, I issued a Memorandum and Order resolving the parties' disputes as to the document requests. I also took the issue of the sufficiency of Colonial's privilege log under advisement, and conducted an in camera review of the contested documents. Thereafter, I issued a Supplemental Memorandum and Order determining that items 1-16 on the privilege log were protected from disclosure by the attorney-client privilege, but that any privilege as to items 17-30 had been waived and ordered that the documents be produced. (Document No. 55).

Specifically, I found that Colonial waived any claimed work product or attorney client privilege when it voluntarily communicated with and produced information to the New Hampshire Attorney General and the New Hampshire Department of Insurance. Specifically, I noted that the "common interest" exception to the waiver rule did not apply because New Hampshire's "primary interest is to protect the public, i.e., a public interest, while Colonial's is to protect itself from

liability, i.e., a self interest." Id. Thus, I concluded that the interests of Colonial and the New Hampshire authorities were "not sufficiently common or aligned under these circumstances to justify invocation of the common-interest exception to waiver when privileged information is produced to a third party." Id. Colonial objected and appealed the Supplemental Memorandum and Order to Chief Judge Lisi.

On appeal, Colonial argued that I erred in overruling the privilege claim. Colonial noted that it had an "absolute statutory understanding" that the privileges would remain in effect when it communicated with the New Hampshire government entities. (Document No. 59 at 4). Colonial cited a statutory privilege under N.H. Rev. Stat. Ann. §§ 417:29 and 417:30. After reviewing the Objection and subsequent pleadings, Chief Judge Lisi noted that the "statutory privilege" argument had not been raised before me and remanded the matter to me for further review of that issue. (Document No. 66).

Judge Lisi's Order narrowly instructed me to consider Colonial's claim that an "absolute understanding exists by statutory authority...pursuant to New Hampshire Statutes section 417:29 and 417:30..." to preserve the privilege as to the contested documents. Id. I ordered the parties to submit briefs addressing the applicability of the New Hampshire statutes to the documents identified in the privilege log.

In its Supplemental Brief (Document No. 72), Colonial presented the Affidavit of Jodene Barth, an Investigator for Zurich North America who stated that she "understood and believed that the Fraud Unit's investigation of Rush [had] been conducted pursuant to N.H.R.S.A. § 400-A:16 and N.H.R.S.A. §§ 417:23-417:31." (Document No. 72 at 17-19). Colonial argues that there was an "absolute expectation and understanding between the [New Hampshire] Fraud Unit and Colonial

that this section would apply to protect the confidentiality and privilege of the materials at issue." Id. at 4.  In its brief, Colonial indicates that there is no case law interpreting the applicable New Hampshire statutes.  Colonial also raises, for the first time, the applicability of N.H. Rev. Stat. Ann. § 400-A:16.  This section of the statute was not briefed in Colonial's Objection to Chief Judge Lisi.  USRELP filed a Reply Brief (Document No. 79) arguing that disclosure to the New Hampshire authorities destroyed any privilege and that the "common interest" doctrine does not apply to this case.  Further, USRELP argues that the application of the New Hampshire statutes in this case would lead to "illogical and absurd results." Id. at 15.

Colonial's privilege log indicates that the items listed as 17-30 are protected work product and attorney client communications which are protected under the "common interest doctrine."  As noted in the Supplemental Memorandum and Order, the common interest doctrine provides that, in certain limited circumstances, documents and information shared in the pursuit of a "common legal interest" do not waive the applicable privilege.  See Cavallaro v. United States, 284 F.3d 236, 250 (1st Cir. 2002).  Based on the information and legal argument presented to me at the time, I reviewed the in camera submission and found that the common interest doctrine did not apply to the facts presented in this case.

However, after my recent review of the statutes and the parties' arguments, I find that the New Hampshire statutes protect from disclosure the documents listed at 17-30 on the privilege log.  Specifically, I find there to be no waiver of the applicable privileges[1] asserted by Colonial because the documents and communications were exchanged with the explicit understanding that the

---

[1] My in camera review of the disputed documents shows that they are privileged – primarily covered by the work product privilege, and, in some cases, the attorney client privilege.

communications would remain confidential and not subject to disclosure in any action, based on the New Hampshire statutes identified by Colonial. N.H. Rev. Stat. Ann. § 400-A:16 provides:

> any documents, materials, or other information in the control or possession of the insurance department that is furnished by an insurer, producer, or an employee or agent thereof acting on behalf of the insurer or producer ... in an investigation pursuant to this section shall be confidential by law and privileged, shall not be subject to RSA 91-A [the New Hampshire "Right-to-Know" law], shall not be subject to subpoena, and shall not be subject to discovery or admissible in evidence in any private civil action...No waiver of any applicable privilege or claim of confidentiality in the documents, materials, or information shall occur as a result of disclosure to the commissioner under this section or as a result of sharing as authorized herein.

The information and documents furnished by Colonial to the New Hampshire governmental entities were exchanged during the course of the New Hampshire investigation of Defendant Leo Rush d/b/a Leo Rush Insurance, an insurance/bonding agent doing business in New Hampshire and a former agent of Colonial. (See Document No. 72 at 3.) Thus, pursuant to this statute, the documents and information are not subject to discovery in this civil action and the "authorized sharing" which took place between Colonial and the New Hampshire government entities did not waive the applicable privileges.

Section 417:29, N.H. Rev. State. Ann., provides similar language protecting an authorized disclosure to the New Hampshire Department of Insurance Fraud Unit. That section states:

> The unit's papers, documents, reports, or evidence relative to the subject of investigation under this section shall remain confidential and shall not be subject to public inspection or disclosure. Further, such papers, documents, reports, or evidence relative to the subject of an investigation under this section shall be privileged and shall not be subject to subpoena, discovery, or disclosure in any proceeding other than the action initiated by the unit, except as specifically authorized in this subdivision.

Thus, this section also protects the information that Colonial provided to the New Hampshire Department of Insurance Fraud Unit, since the present action was not "initiated by the unit" and there are no other exceptions that apply to destroy any applicable privileges. (See Document No. 72 at 7). Therefore, based on those statutes and the Barth Affidavit, when Colonial produced documents or communicated with these New Hampshire government entities, Colonial had a reasonable expectation that the communications would not act as a waiver of applicable privileges and put them in the public domain.

Accordingly, my prior Supplemental Memorandum and Order (Document No. 55) is amended to provide that USRELP's Motion to Strike Objections and to Compel Production (Document No. 43) to the extent it is directed at Colonial's privilege assertions is DENIED and Colonial's Appeal of such Memorandum and Order (Document No. 59) may be terminated as moot.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 9, 2010