UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. REAL ESTATE LIMITED          :
PARTNERSHIP, et al.               :
                                  :
         v.                       :     C.A. No. 08-301ML
                                  :
COLONIAL AMERICAN CASUALTY        :
AND SURETY COMPANY, et al.        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On March 8, 2010, <u>pro se</u> Defendant Leo Rush d/b/a Leo Rush Insurance filed an Expedited Motion docketed as a Motion for Declaratory Judgment and to Dismiss. (Document No. 84). Plaintiffs object to the Motion. (Document No. 91). The Motion has been referred to me for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. For the reasons stated below, I recommend that Defendant Rush's "Expedited Motion" be DENIED.

**Discussion**

In their Third Amended Complaint (Document No. 83), Plaintiffs allege that Defendant Rush issued fraudulent and unauthorized performance and labor and material payment bonds in favor of Plaintiffs, and wrongfully converted the purported bond premium for his own use. <u>Id.</u>, Counts III and IV.

In his Motion, Defendant Rush moves that Plaintiff's claims against him should be dismissed. He submits a statement from a representative of Fenestration Architectural Products, LLC which purports to absolve Rush of the fraud allegations and requests that the Court issue a

declaratory judgment in favor of Rush "based on the fact that Leo Rush did not produce these bonds." (Document No. 84 at p. 1).

Defendant Rush's Motion fails to comply with this Court's Local Rules. For instance, Rush's Motion is not accompanied by a Memorandum of supporting points and authorities for his requested relief. Local Rule Cv 7. Further, since Rush's Motion relies upon a statement outside of the pleadings, it is not a proper motion to dismiss under Fed. R. Civ. P. 12(d) and must be treated as one for summary judgment under Fed. R. Civ. P. 56. However, Rush's Motion is not properly supported as required by Fed. R. Civ. P. 56(e) or in the form required by Local Rule Cv 56. In addition, the statement in question is not properly authenticated or based on personal knowledge as the declarant bases his statement on purported facts which have "come to our attentions" without any indication as to source. (Document No. 84-1 at p. 1). The statement is not sufficiently authenticated or reliable to meet Defendant Rush's burden of establishing the absence of any genuine issue of material fact regarding Rush's alleged fraud. Finally, Rush mischaracterizes the statement as one from "the individual that signed and produced the bonds." (Document No. 84 at p. 1). However, the declarant, Mr. El Sawabi, makes no such statement and tries to "clear" Rush by stating without any evidentiary foundation that "[i]t has come to our attentions that Mr. Rush did not issue this bond in question from American Colonial nor he receives any premium on these bonds in question." (Document No. 84-1). That is far from an admission that the declarant "signed and produced" the bonds in question as represented by Rush.

**Conclusion**

For the foregoing reasons, I recommend that Defendant Rush's Expedited Motion (Document No. 84) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P.

72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia- Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 30, 2010